Anton N. Handal (SBN 113812)
thandal@murchisonlaw.com
Pamela C. Chalk (SBN 216411)
pchalk@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
750 B Street, Suite 2550
San Diego, California 92101-8114
Telephone: (619) 544-6838
Facsimile: (619) 544-1568

Attorneys for Plaintiff GOPHER MEDIA LLC
(formerly known as Local Clicks), dba Doctor Multimedia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gopher Media LLC (formerly known as Local Clicks), dba Doctor Multimedia, a Nevada Limited Liability Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Modern Doc Media, a California business entity; The Modern Media Group, LLC, a California limited liability company; Andrew Hoffman, an individual; and Does 1-10,<br><br>Defendants. | CASE NO.: 3:22-cv-00131-TWR-BLM<br><br>**DECLARATION OF PAMELA C. CHALK IN SUPPORT OF EX-PARTE APPLICATION FOR AN ORDER PERMITTING PLAINTIFF TO CONDUCT DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE EX-PARTE APPLICATION FOR AN ORDER PERMITTING PLAINTIFF TO CONDUCT DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE AND/OR SETTING THE EARLY NEUTRAL EVALUATION CONFERENCE AS WELL AS THE RULE 26(f) CONFERENCE FOR AS SOON AS POSSIBLE; AND ATTACHED EXHIBITS 1-2**<br><br>**Judge: Hon. Todd W. Robinson<br>Courtroom: 3A** |

I, Pamela C. Chalk, declare as follows:

I am an attorney-at-law licensed to practice in the State of California and I am an associate partner with Murchison & Cumming, LLP, counsel of record herein for Plaintiff GOPHER MEDIA LLC (formerly known as Local Clicks), dba Doctor Multimedia. I am one of the attorneys at our firm responsible for handling the

defense of this matter on behalf of Plaintiff GOPHER MEDIA LLC, and, on this basis, and upon such other bases set forth below, I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would competently testify to them under oath if called as a witness.

1. On February 1, 2022, Plaintiff Gopher Media LLC (formerly known as Local Clicks), dba Doctor Multimedia filed its Complaint in this Court against Defendants Modern Doc Media; The Modern Media Group, LLC; and Andrew Hoffman.

2. On June 6, 2022, Plaintiff filed a First Amended Complaint. The First Amended Complaint pled as its Eighth cause of action Fraud – Intentional and Negligent (including Concealment) and pled a Ninth cause of action for Breach of Contract.

3. The Fraud cause of action alleges that Plaintiff and Defendant Hoffman had been engaged in a prior lawsuit which resulted in a Settlement Agreement. (FAC paragraph 172.) The First Amended Complaint alleges that Hoffman represented and agreed he would not affirmatively or actively solicit business from Plaintiff; that he would not engage in any disparagement of Plaintiff; and that he would keep the terms of the Settlement Agreement confidential. (FAC paragraphs 177-179). The First Amended Complaint alleges these representations were false and Hoffman breached the Settlement Agreement by actively soliciting current clients of Plaintiff, disparaging Plaintiff, and disclosing matters agreed to be confidential under the Settlement Agreement. (FAC paragraph 180 – 182.)

4. The First Amended Complaint further alleges that prior to entering into the Settlement Agreement, Hoffman had formed a business Modern Doc Media and The Modern Media Group to solicit clients from Plaintiff, concealing this information from Plaintiff when entering into the Settlement Agreement. (FAC paragraphs 172 - 174.) The Fraud cause of action alleges that Hoffman's representations were false; that they were made knowingly, willfully and with reckless disregard for their falsity;

1  that they were made with the intent of inducing Plaintiff to enter into the Settlement
2  Agreement; that Hoffman knew the representations were false when he made them;
3  that Hoffman intended for Plaintiff to rely upon representations; and that Plaintiff
4  reasonably relied on Hoffman's representations and suffered damages.  (FAC
5  paragraphs 183-191).
6       5.    On June 17, 2022, Defendants filed a Special Motion to Strike under the
7  anti-SLAPP statute and Partial Motion to Dismiss the First Amended Complaint.  The
8  anti-SLAPP Motion directly factually challenges the cause of action for Fraud on the
9  grounds that Plaintiff lacks admissible evidence and cannot prove every element of
10 the Fraud cause of action and also challenges two paragraphs in the Ninth cause of
11 action for Breach of Contract relating to the Settlement Agreement.  (See
12 Defendants' anti-SLAPP Motion 7:7-12; 13:26 – 14:10; 16:9-10.)
13      6.    Defendants' anti-SLAPP hearing is set for hearing on November 3, 2022.
14 Plaintiff's opposition is currently due on October 20, 2022.  The Court has not set a
15 date for the Rule 26(f) Conference.
16      7.    Good cause exists for the Court to order that Plaintiff may conduct
17 discovery prior to the Rule 26(f) Conference in order to obtain admissible evidence to
18 support each element of the Fraud cause of action to oppose Defendants' pending
19 anti-SLAPP Motion.
20      8.    Plaintiff anticipates taking the deposition of Defendant Andrew Hoffman
21 and perhaps other third parties and propounding written discovery and requests for
22 production of documents.  The discovery will be focused on the factual challenges
23 directly raised by Defendants' anti-SLAPP Motion with respect to the elements of
24 Plaintiff's Fraud cause of action, thereby including discovery related to the nature,
25 extent, and circumstances surrounding Defendants' misrepresentations; Defendants'
26 concealment of facts; Defendants' knowledge of the falsity of the representations;
27 Defendants' intent to induce reliance; Defendants' belief in the truth of the
28

1  representations; and Defendants' intent in concealing or suppressing facts with the intent to defraud Plaintiff.

2  9.  In addition, Plaintiff intends to conduct discovery with respect to the issue of whether Defendants have waived any First Amendment protections by entering into the Settlement Agreement regarding the first prong of the anti-SLAPP statute.

10.  It is respectfully requested that the Court grant the Ex-Parte Application and issue and order that Plaintiff may conduct discovery prior to the Rule 26(f) Conference.

11.  I have met and conferred in good faith with opposing counsel on the matters at issue herein to no avail.

12.  Opposing counsel demanded to know what discovery was going to be taken, what depositions were to be taken, and/or placed other unreasonable conditions on stipulating to discovery to include revealing, in my clients' view, attorney work product and/or requiring limitations on what discovery can be taken.  As such, this motion was filed.

13.  Attached hereto as Exhibit 1 is a true and correct copy of relevant portions of email correspondence with opposing counsel concerning the issues in this motion.

14.  Attached hereto as Exhibit 2 is a true and correct copy of CivLR 16.1(c)(1).

15.  It is anticipated this motion will be opposed.

16.  I provided notice to opposing counsel of this ex parte motion on July 20, 2022 at approximately 3:34 p.m.

////
////
////
////

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed on this 20th day of July, 2022, at San Diego, California.

5  /s/Pamela C. Chalk
   Pamela C. Chalk

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.1(h). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 20th day of July, 2022 at San Diego, California.

DATED:  July 20, 2022         **MURCHISON & CUMMING, LLP**

/s/Pamela C. Chalk
Pamela C. Chalk, Esq.
Attorneys for Plaintiffs and Counter-Defendants