UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA LLC (formerly known as Local Clicks) dba DOCTOR MULTIMEDIA, a Nevada Limited Liability Corporation<br><br>Plaintiff,<br><br>v.<br><br>MODERN DOC MEDIA, a California business entity; THE MODERN MEDIA GROUP LLC, a California limited liability company; ANDREW HOFFMAN, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No.:   22cv131-TWR(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S *EX PARTE* APPLICATION TO CONDUCT DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE; AND DENYING PLAINTIFF'S REQUEST FOR AN EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 19]** |

Currently before the Court are Plaintiff's July 20, 2022 *Ex Parte* Application for an Order Permitting Plaintiff to Conduct Discovery Prior to the Rule 26(f) Conference [ECF No. 19 ("Application")] and Defendants' Opposition to Plaintiff's *ex parte* application [ECF No. 21 ("Oppo")].  For the reasons set forth below, Plaintiff's *ex parte* application is **GRANTED IN PART**.

**BACKGROUND**

Plaintiff filed its first amended complaint ("FAC") in this matter on June 6, 2022, bringing claims for (1) Misappropriation of Trade Secrets under federal law (against all Defendants); (2)

Misappropriation of Trade Secrets under California law (against all Defendants); (3) Unfair Business Practices (against all Defendants); (4) False Advertising Under Section 43(a) of the Lantham Act (against all Defendants); (5) Commercial Defamation/Trade Libel (against all Defendants); (6) Trademark Infringement (against all Defendants); (7) Unfair Competition and False Designation of Origin (against all Defendants); (8) Intentional and Negligent Fraud (against Defendant Andrew Hoffman ("Defendant Hoffman") only); (9) Breach of Contract (against Defendant Hoffman only); and (10) Cybersquatting (against all Defendants).  ECF No. 13.

On June 16, 2022, Defendants filed a Special Motion to Strike pursuant to Cal. Code Civ. Proc. § 425.16 and Partial Motion to Dismiss the First Amended Complaint ("anti-SLAPP motion"). ECF No. 16.

Plaintiff filed the motion presently before this Court on July 20, 2022, and Defendants filed their opposition on July 22, 2022.  ECF Nos. 19, 22.

## **LEGAL STANDARD**

Under California law, a strategic lawsuit against public participation ("SLAPP") is one that "seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances." Rusheen v. Cohen, 37 Cal. 4th 1048, 1055 (2006). The California legislature enacted its anti-SLAPP statute "to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." Id. In pertinent part, the anti-SLAPP statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1).  Accordingly, once the Court determines that the claims at issue are within the scope of the anti-SLAPP statute, the burden shifts to the plaintiff to show a probability that it will prevail on its claims in order to defeat the special motion to strike.  Id.

"In the anti-SLAPP context, 'probability' is a low bar." Roberts v. McAfee, Inc., 660 F.3d

1156, 1163 (9th Cir. 2011). To show a reasonable probability of prevailing, "the plaintiff must demonstrate that the complaint is legally sufficient and supported by prima facie showing of facts to sustain a favorable judgment if the evidence submitted by plaintiff is credited." Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 833 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018), and cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am., 139 S. Ct. 1446 (2019) (citing Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001)). "[A] defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for his or her claims or when no sufficiently substantial evidence exists to support a judgment for him or her." Planned Parenthood, 890 F.3d at 833. (citing Metabolife, 264 F.3d at 840).

Discovery in federal court is not automatically stayed, as Cal. Code Civ. Proc. § 425.16(f), which automatically stays discovery in state court, is inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 56. Planned Parenthood, 890 F.3d at 833 (citing Metabolife, 264 F.3d at 846). In Planned Parenthood, the Ninth Circuit explained that "[i]n order to prevent the collision of California state procedural rules with the federal rules, [federal courts] review anti-SLAPP motions to strike under different standards depending on the motion's basis." Planned Parenthood, 890 F.3d at 833. The Ninth Circuit stated that "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." Id. at 834. In such a situation, the focus is on the sufficiency of the pleadings, and "there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants." Id. On the other hand, "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, the Federal Rule of Civil Procedure 56 standard will apply." Id. In this situation, a plaintiff must be allowed to conduct discovery and be given the opportunity to "supplement evidence based on the factual challenges, before any decision is made by the court." Id.

Thus, as a threshold matter, the Court must determine whether the anti-SLAPP motion challenges the legal or factual sufficiency of Plaintiff's FAC. Plaintiff argues that it is entitled to

discovery because Defendants' anti-SLAPP motion "directly challenges whether the Plaintiff has admissible evidence sufficient to establish each element of the fraud cause of action." Application at 6-7. Defendants do not oppose Plaintiff's position that the anti-SLAPP motion challenges the factual sufficiency of the FAC. See generally, Oppo. Moreover, the Court's independent review of the anti-SLAPP motion, confirms that Defendants are challenging the factually sufficiency of Plaintiff's fraud claim as Defendants argue "there is no admissible evidence supporting each element [of the fraud claim]. ECF No. 16-1 at 14-17.

As a result, the Court finds that the Rule 56 standard applies, and Plaintiff is entitled to conduct discovery on this issue.

Defendant's anti-SLAPP motion also argues that state and federal litigation privileges apply because "the fraud claim and the allegations are all founded on communications negotiating settlement agreements of two lawsuits[,] making Plaintiff's claims meritless." Id. at 17. Under California law, "applicability of the litigation privilege is a question of law" where "there is no dispute as to the operative facts." Hart v. Larson, 232 F. Supp. 3d 1128, 1138 (S.D. Cal. 2017) (quoting Kashian v. Harriman, 98 Cal. App. 4th 892, 913 (Cal. Ct. App. 2002). Based on the pleadings currently before this Court, and upon reviewing the anti-SLAPP motion, it is not clear whether the parties dispute the operative facts that are the bases of the Defendant's position that litigation privilege applies.[1] While Plaintiff does not seek discovery on the privilege issue, Plaintiff does seek discovery to investigate "whether Plaintiff or Defendant may have waived any protection by entering into the Settlement Agreement as alleged in the First

---

[1] This Court need not make a determination about whether Defendant's assertion of litigation privilege is a question of law or fact, as such issue is reserved for the district judge upon his review of the anti-SLAPP motion. See Cristo v. Cayabyab, 2019 WL 1117529, at *3 (N.D. Cal. Mar. 11, 2019) (magistrate judge only considered whether the discovery Plaintiff sought was essential and left the issue of whether defendant's anti-SLAPP motion challenged the legal or factual sufficiency for the district judge as it went to the disposition of the motion). Further, other than identifying it as Defendant's second anti-SLAPP argument, Plaintiff does not mention litigation privilege in its Application. Instead, Plaintiff explicitly represents that it seeks discovery on whether Defendant waived any First Amendment protections and does not seek discovery on the privilege claim. Declaration of Pamela C. Chalk ("Chalk Decl."), ECF No. 19-1 at 4.

Amended Complaint," regarding certain representations Defendant made. Application at 8. Determining whether the parties' conduct here amounted to a waiver is a factual inquiry that courts in this Circuit have concluded may necessitate discovery. See National Abortion Federation v. Ctr for Med. Progress, No. 15cv3522-WHO, 2015 WL 5071977, at *6 (N.D. Cal. Aug. 27, 2015) (finding that staying discovery would conflict with Rule 56 where the complaint raised factual questions of whether and to what extent defendant executed a valid waiver of their First Amendment right when they entered into two agreements with Plaintiff); see also Davis v. Electronic Arts Inc., No. C-10-03328 RS (DMR), 2011 WL 2621626, at *7 (N.D. Cal. July 5, 2011) (concluding that "discovery related to the issue of whether Defendant waived its First Amendment rights is essential to Plaintiff's opposition to an anti-SLAPP motion.").

Thus, the Court finds that the Rule 56 standard applies, and Plaintiff is entitled to conduct discovery on the issue of potential waiver.

**A. Scope of Early Discovery**

Plaintiff seeks the opportunity to conduct discovery on wide-ranging topics utilizing a variety of unlimited discovery techniques. In counsel's supporting declaration, Plaintiff states that it

> anticipates taking the deposition of Defendant Andrew Hoffman and perhaps other third parties and propounding written discovery and requests for production of documents. The discovery will be focused on the factual challenges directly raised by Defendants' anti-SLAPP Motion with respect to the elements of Plaintiff's Fraud cause of action, thereby including discovery related to the nature, extent, and circumstances surrounding Defendants' misrepresentations; Defendants' concealment of facts; Defendants' knowledge of the falsity of the representations; Defendants' intent to induce reliance; Defendants' belief in the truth of the representations; and Defendants' intent in concealing or suppressing facts with the intent to defraud Plaintiff. … In addition, Plaintiff intends to conduct discovery with respect to the issue of whether Defendants have waived any First Amendment protections by entering into the Settlement Agreement regarding the first prong of the anti-SLAPP statute.

Chalk Decl. at 3-4. Plaintiff argues that there is "good cause" for its requested discovery. Application at 4-5. Plaintiff also argues that discovery is required because "much of this information is under Defendants' control." Id. at 7. Plaintiff's request provides no limitations on the amount or scope of discovery.

Defendants oppose Plaintiff's request for discovery, arguing that Plaintiff has not satisfied the requirements for discovery. Oppo at 6. Defendants assert that under the Rule 56 standard, to obtain discovery to oppose an anti-SLAPP motion, the nonmoving party must provide an affidavit or declaration identifying the specific facts it hopes to elicit and establishing that the identified facts exist and are essential to its opposition. Id. at 6-7 (citing Fed. R. Civ. P. 56(d), Williams v. Kula, No. 3:20cv1120-GPC-AHG, 2020 WL 5046864, at *5 (S.D. Cal. Aug. 26, 2020), Martin Baker Aircraft Co. Ltd v. Teledyne Risi, Inc., No. 20-cv-3796, 2020 WL 13304064, at *6 (C.D. Cal. Oct. 6, 2020), and Nunes v. Meredith, No. 21-cv-00078, 2022 WL 2214205, at *4 (E.D. Cal. June 21, 2022)). Defendants argue Plaintiff fails to satisfy any of the three requirements as it only generically seeks discovery related to Plaintiff's fraud allegations and the issue of whether either party waived First Amendment protections when they entered into the Settlement Agreements. Id. at 8-12. Defendants note that Plaintiff's declaration fails to mention "any proposed discovery related to client solicitation, disparagement, or breach of a confidentiality provision." Id. at 10. Defendants further argue that "'most' of the sought information 'is already known to Plaintiff,'" making it nonessential under Rule 56. Id. at 9 (citing New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1102 (C.D. Cal. 2004) and Gresset v. Contra Costa Cnty., No. 12-cv-3798, 2013 WL 2156278, at *35 (N.D. Cal. May 17, 2013)). In conclusion, Defendants argue that Plaintiff should not be permitted to conduct discovery, or at most, be limited to four requests for production of documents, four interrogatories, and one two-hour deposition of Defendant Hoffman. Id. at 11.

The Court agrees with Defendants regarding the appropriate legal standard. As several courts in the Ninth Circuit have held in anti-SLAPP litigation, "Rule 56(d) requires some threshold showing by the party seeking discovery that, 'for specified reasons, it cannot present facts essential to its opposition' without the discovery request." Williams, 2020 WL 5046864, at *5 (citing Fed. R. Civ. P. 56(d) and Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986)). Specifically, the party seeking discovery must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." Martin

Baker Aircraft Company Ltd. V. Teledyne Risi, Inc., No. 20cv3796 PA (AFMx), 2020 WL 13304064, at *6 (C.D. Cal. Oct. 6, 2020) (citing Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

While Plaintiff did provide a declaration describing the discovery it wants to obtain and the methods by which it hopes to obtain it, the descriptions are not specific and do not satisfy the requirements for anti-SLAPP discovery.  Plaintiff states that it wants to depose Defendant Hoffman but also asserts that it may want to depose unidentified third parties and may propound unidentified written discovery and requests for production of documents.  Chalk Decl. at 3. Even more concerning, Plaintiff provides a very broad description of the desired discovery topics, but it fails to establish that the specific facts exist, fails to identify the specific person or entity that possesses the facts, and fails to establish that the specific facts are essential to its opposition to the anti-SLAPP motion.

Plaintiff's failure directly conflicts with Planned Parenthood's directive that a party be allowed to conduct discovery to oppose an anti-SLAPP motion based on factual insufficiency. Planned Parenthood, 890 F.3d at 833-34.  The Court, therefore, will allow Plaintiff to conduct discovery on the relevant issues but will limit the scope and amount of permitted discovery.

Plaintiff's fraud claim is limited to Defendant Hoffman.  See ECF No. 13.  In addition, the settlement agreements at issue were signed by Defendant Hoffman but not by the other defendants.  As a result, there is a basis for discovery as to Defendant Hoffman.  Plaintiff has not identified another person or entity it wants to depose nor the information that would be obtained or the relevance thereof.  Accordingly, the Court grants Plaintiff's request to depose Defendant Hoffman but denies the request to depose any other person or entity.

Based upon the parties' arguments and the Court's review of the FAC and anti-SLAPP motion, the Court finds that Plaintiff may conduct discovery on (1) any facts related to the elements of fraud as alleged in Count 8 of the FAC; (2) any facts challenged in Defendant's anti-SLAPP motion; (3) any facts related to the circumstances surrounding the creation, execution and contents of the settlement agreement, including whether Defendant Hoffman had a duty to disclose he started one or more competing businesses before the execution of the settlement

agreements and if so, Defendant Hoffman's intent, or lack thereof, to conceal or misrepresent the information and/or to otherwise defraud Plaintiff; and (4) whether and to what extent Defendant Hoffman waived his First Amendment protections as to the first prong of the anti-SLAPP statute.

In summary, the Court **PARTIALLY GRANTS** Plaintiff's request for discovery and authorizes discovery as follows:

1. Plaintiff may take a three-hour deposition of Defendant Hoffman.
2. Plaintiff may serve Defendant Hofman four requests for production of documents.
3. The deposition and requests for production of documents are limited in scope to the four categories of facts set forth above.
4. Plaintiff must complete the permitted discovery by October 7, 2022.
5. Plaintiff may not serve any discovery not explicitly authorized by this Order.

### B. Request to Hold ENE Ahead of Defendants' Answer

As an alternative argument, Plaintiff asserts "there is no reason to delay setting dates in this case and/or ordering the Rule 26 conference take place so that the parties may proceed with discovery in the normal course." Application at 8-9. In support, Plaintiff cites to Civil Local Rule 16.1(c)(1), which allows a party to request that a judge hold an early neutral evaluation conference, discovery conference, or status/case management conference prior to the filing of a defendant's answer. Id. Civil Local Rule 16.1(c)(1) provides the court with discretion to "hold such conferences as [it] deems appropriate." Here, Defendants are not only moving to strike Plaintiff's FAC pursuant to California's anti-SLAPP statute, they are also moving to dismiss five of Plaintiff's other claims. See ECF No. 16. The resolution of Defendants' motion will dramatically impact the scope of discovery and the Court finds it inappropriate to hold an early neutral evaluation or case management conference until after the pending motion is resolved. Thus, Plaintiff's request to hold an early neutral evaluation conference now and for the Court to open all discovery is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's *Ex Parte* Application to Conduct Discovery Prior to the Rule 26(f) Conference and **DENIES** Plaintiff's request to set the Early Neutral Evaluation Conference.

**IT IS SO ORDERED**.

Dated: 8/10/2022

Hon. Barbara L. Major
United States Magistrate Judge